HENRY WARREN *versus* PHILIP H. COOMBS.

Bills of exchange payable out of the State, are to be considered as foreign bills, and the ordinary notarial certificate is evidence of demand and notice.

Damages on a protested draft, cannot be recovered against the drawer or indorser, when the principal has been paid by a levy of an execution recovered in a suit in favor of the holder against the acceptor.

Proof that a bargain was made between the plaintiff and defendant that the former should furnish the latter with money at the rate of five per cent. a month, does not authorize the presumption that the draft in suit was taken in pursuance of and under such agreement.

In a suit against the indorser on bills of exchange in which usurious interest has been reserved, but which have been paid by a levy on the real estate of the acceptor the defendant is not entitled to costs.

THIS was assumpsit against the defendant as indorser of five bills of exchange, payable at the Suffolk Bank, Boston, and as promissor of one note of hand.

On the trial, before SHEPLEY J. the plaintiff, to prove demand and notice, read the protests of the notary public, by whom they had been presented for payment, July 26, 1837, and an agreement by which the defendant and John J. Coombs, who was a party to the drafts in suit, agreed to be accountable for all drafts drawn by them and accepted by Philip Coombs.

The defendant then read a copy of a judgment recovered in this Court, October T. 1839, in the suit, *Asa Warren* v. *Philip Coombs*, for $3937,36, and no costs, and in which costs were rendered for the defendant. The declaration in that suit was upon the bills declared upon in the first four counts in this case, upon which judgment was rendered and an execution issued which was satisfied November 27, 1839, by a levy on real estate made and accepted.

The suit, *Asa Warren* v. *Philip Coombs*, was brought in the name of Asa Warren, by his consent, and for the benefit of the plaintiff in this suit, by whom the same was controlled.

It appeared from the testimony introduced, that the present plaintiff had been called as a witness by the defendant, in the suit, *Asa Warren* v. *Philip Coombs*, and had testified that in

1835, John J. Coombs had applied to him for the loan of money for himself, Philip H. Coombs and Philip Coombs ; that the price was five per cent. a month from 1835 to 1838 ; that Coombs wanted a settled price, and that they agreed upon five per cent. a month as the rate ; that he agreed to raise the money for him and commissions ; that he had paid up to last August, (1838,) the rate of interest on this paper except commissions, that he was employed to raise money for a large number of persons and among the rest for the Messrs. Coombs, and had raised a number of hundred thousand dollars, and paid a per centage of two, three or four per cent. a month ; that he hired the money for this paper, and paid the interest received except the commissions ; that he raised the money in his own name and let Coombs have it as his own money.

Upon this evidence the defendant consented to be defaulted subject to the opinion of the Court, and judgment is to be rendered according to the rights of the parties.

*Hobbs*, for the defendant. The plaintiff claims to recover damage on four drafts, the principal and interest of which has been paid. If they are paid, damages are not recoverable. Chitty on Bills, 403 ; Bailey on Bills, 223 ; *English* v. *Darley*, 2 B. & P. 61 ; *Sargent* v. *Appleton*, 6 Mass. R. 85. The levy in this case was payment. Where the principal and interest are paid, no damages can be recovered. *Bangor Bank* v. *Hook*, 5 Greenl. 174. Still less could the drafts on which judgment had been recovered in the name of Asa Warren, be negotiated after payment, and suits be commenced upon them in the name of the present plaintiff. The evidence shows the drafts to be tainted with usury.

*Rogers*, for the plaintiff. St. 1821, c. 88, gives the holder of a bill damages as against an indorser. Damages are a penalty for non-payment, to which usury is no defence. The judgment on the drafts does not show that they were tainted with usury. The defendant cannot invoke that judgment as a bar to the present suit. *Reading* v. *Weston*, 7 Conn. R. 409 ; *Beaman* v. *Hess*, 13 Johns. 52 ; *Knights* v. *Putnam*, 3 Pick.

184. The acceptor is not liable for damages, and they were not recovered in that suit.

The action in this suit is properly brought. Bailey on Bills, 220; *Porter* v. *Ingraham*, 10 Mass. R. 88; 1 Dane's Abr. 415; *Austin* v. *Bemiss*, 8 Johns. 275; 2 Dall. 115.

The opinion of the Court was by

TENNEY J. — This is an action against the defendant, as indorser of five bills of exchange, drawn in Bangor, payable in Boston, by John J. Coombs on Philip Coombs, and by him accepted, in favor of the defendant, who indorsed the same. A note is also embraced in the writ, concerning which there is no controversy. Judgment has been obtained against the acceptor on four of the same bills in the name of Asa Warren, which has been satisfied fully by a levy upon real estate. These bills must be treated as foreign bills, and the ordinary notarial certificate on such is considered as proving what is set forth therein; and it appearing from the certificates introduced in this case, that the demand and notice were seasonable, and made according to established usage, the bills are to be regarded as properly protested for non-payment, and so entitling the holder to legal damages, unless they have been relinquished by some party thereto, having power to control them; and on this branch of the case, the question is, whether the plaintiff is entitled to the damages, inasmuch as Asa Warren, who it seems was the plaintiff's trustee, has received payment of the principal, interest, and costs, of the acceptor of these four bills.

This is not a new question in this State. It was presented in the case of *Bangor Bank* v. *Hook*, 5 Greenl. 174. The Court there say, " that the damages given by the statute are allowed to indemnify the holder for the expense he incurs or is supposed to incur in receiving the money at the place where the bill is drawn, and transmitting to the place of destination, where it was originally made payable. If a bill made payable in a foreign country, protested for non-payment or non-acceptance, is afterwards there paid and received, there arises no claim for re-exchange, or that which is substituted here, the

ten per cent. damages. The plaintiffs were under no obligation afterwards, either to sue the acceptor, or to receive from him the contents of the bill, without damages, to which they were entitled as against the drawer or indorsers." Again, it is said, " the damages are incident to the principal. If that be paid, or as far as paid, at the place appointed, the incident or accretion, which would otherwise attach to it, ceases." Other authorities are consistent with and support this doctrine. *Porter* v. *Ingraham,* 10 Mass. R. 88. It is held, that where the holder of a bill, protested for non-payment, afterwards receives the whole amount of the bill from the acceptor, he cannot recover damages of the drawer or indorser. Bayley on Bills, 387.

If actions be pending against the acceptor, and another party who is liable to the damages arising from the dishonor of the bill, the holder is entitled to require the costs in the latter, in a settlement of the action against the acceptor.

We think the action being against the acceptor in the same four bills which have been paid after the suit came to judgment in the name of Asa Warren, will not change the principle. It cannot be said, the action being *inter alios,* that Asa Warren could not take away the plaintiff's rights. If both actions were pending at the same time upon the same bills, it is not easy to perceive that there could be two holders and no privity between them, or if there was a subsequent negotiation or transfer, that it did not carry with it all the rights and liabilities which had before attached. But we are relieved from any difficulty on this head, for it is admitted, the other suit was for the benefit of the plaintiff in this.

Another defence is set up to the bill dated June 1, 1837, for $340, which is usury; and the proof of this arises from the testimony of the plaintiff in the suit of Asa Warren upon the other four bills, he having been called by the defendant in that suit. That testimony, so far as it is relevant, is to be regarded as his confessions; and therefrom it appears, that in 1835, John J. Coombs applied to him to furnish money for himself, Philip and Philip H. Coombs; that he agreed to procure it on

certain conditions, for the premium of five per cent. a month ; whether on his own account or as the agent of others who were disposed to loan it for such interest was another question, the necessity of considering which is superseded by the view we take on other branches of the case. It appears further from his testimony, "that he had paid up to last August [1838] the rate of interest on this paper, [the four first named bills,] excepting commissions ; that he was employed to raise money for a large number of persons, and among the rest for the Messrs. Coombs, and had raised a number of hundred thousand dollars, and paid a per centage two, three, or four per cent. a month ; that he hired money for this paper, [the said four bills] and paid the interest received, excepting the commissions ; that he raised the money on his own name, and let Coombs have it as his own money." The foregoing is all the evidence, touching the interest received, secured, or taken above six per cent. on the bill of June 1, 1837 ; and there being no reference in particular to this bill, are we justified in concluding, that the bill was taken by the plaintiff under that arrangement? That was a bargain founded upon no consideration, and which if carried into effect, would be in violation of law. Upon either ground, it could not be enforced. Though we may presume a contract, when morally binding, but having no legal obligation, will be fulfilled, yet there can be no presumption, unsupported by evidence, that one which is forbidden by statute will be carried into effect, especially where it may be visited by a severe penalty.

But we have no evidence, that the plaintiff ever received this bill of John J. Coombs, with whom the negotiation alluded to in his testimony took place ; for aught that appears to the contrary, it came into his hands in the regular course of business ; and if so, whether taken at a greater or less discount, that is not to operate to his disadvantage. At any rate, we see nothing which draws us to the conclusion that any more than at the rate of six per cent. per annum was taken and reserved by the plaintiff on this bill, so as to make it subject to any deduction.

Whether the other four bills were infected with any usurious taint, so as to affect the costs, we think it not now competent for us to inquire. Although they are in the case, the defendant insists that they are paid, and resists a judgment for damages, which would accrue as incidental. It is seen, that we think the law sustains this defence ; and if these bills are paid for one purpose, they are for another, and if damages cannot be recovered, because the basis, on which they rest, is taken away, we are not aware, that the same are before us, so that we can apply to them any evidence, in order to attach another incident to that which is considered as out of existence ; and if those bills were subject to be impeached, we cannot now regard them as the foundation for costs for the defendant. We think the default must stand, and judgment is to be rendered for the amount of the bill dated June 1, 1837, and for the note declared on, and for costs.